# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| Thomas D Caco, | |
| Plaintiff, | |
| v. | Case No. 2:18-CV-346 JVB |
| U.S. Bank National Association, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Thomas D. Caco was the defendant in a state court foreclosure action by Peoples Bank SB. A decree of foreclosure and order of sale was entered against Mr. Caco on January 2, 2018. Nine months later, Plaintiff sued People's Bank and U.S. Bank in this Court alleging that the Defendants violated HUD regulations, the Code of Federal Regulations, and the Indiana Code. Mr. Caco is asking to invalidate the mortgage contract and to enjoin the sale of his home in a Sherriff's auction.

Defendant Peoples Bank moved to dismiss it from the case. Defendant U.S. Bank National Association has not appeared in this case.[1]

Peoples Bank's motion to dismiss must be granted as the Court lacks subject-matter jurisdiction to consider the merits of Plaintiff's complaint insofar as they ask this Court to set aside the state court's judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiff is seeking to invalidate the state court's judgment upholding the validity of the mortgage contract between the parties. But in keeping with the principles of federalism, this the Court may not do. "[T]he

---

[1] It is not clear whether U.S. Bank has been served the summons.

Rooker-Feldman doctrine establishes that district courts lack subject-matter jurisdiction to set aside judgments that state courts have entered in civil cases; the reason the plaintiff gives for seeking this relief is irrelevant." *Canen v. U.S. Bank Nat'l Ass'n*, 556 F. Appx. 490, 491 (7th Cir. 2014).

However, the Court will allow Plaintiff to amend his Complaint if he so wishes. In his response to the motion to dismiss, the Plaintiff has indicated that he may have intended to bring claims independent of the foreclosure action. Mindful of his pro se status, the Court grants Plaintiff leave to amend his Complaint by March 29, 2019.

In summary, the Court dismisses Peoples Bank from this case (DE 5) but gives Plaintiff leave to amend his Complaint. However, because any order to stall the foreclosure would violate the *Booker-Feldman* doctrine, the Court denies Plaintiff's request to enjoin the foreclosure sale of his home (DE 15).

SO ORDERED on March 1, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE