UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS D. CACO,<br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION<br>and PEOPLES BANK SB,<br>    Defendants. | CAUSE NO.: 2:18-CV-346-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss and Deny Injunctive Relief [DE 22] filed by Defendant Peoples Bank, SB on April 1, 2019. Plaintiff Thomas Caco, who is litigating *pro se*, filed a response on April 16, 2019, and Peoples Bank filed a reply on April 22, 2019.

## BACKGROUND

Caco initiated this cause of action by filing a three-count complaint on September 14, 2018. After the Court granted a previous motion to dismiss filed by Peoples Bank, Caco filed a five-count amended complaint on March 18, 2019. Counts 1-3 of the amended complaint are identical to the three counts of the original complaint except they are brought only as to U.S. Bank National Association, the other defendant named in this case (who has not yet appeared). In Count 4 of the amended complaint, Caco asserts a violation of the Real Estate Settlement Procedures Act (RESPA), and in Count 5, Caco asserts fraud.

## ANALYSIS

On March 1, 2019, the Court dismissed the original complaint for lack of subject matter jurisdiction. In the amended complaint, Caco repleads the counts of the original complaint against Defendant U.S. Bank National Association. Though U.S. Bank has not appeared or asked the Court to dismiss these counts pending against it, subject matter jurisdiction is a matter for the Court to

address *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3). These counts, specifically, Counts 1-3, are dismissed for lack of subject matter jurisdiction for the reasons explained in the Court's prior order. Further, the request for a temporary restraining order is denied due to failure to comply with Northern District of Indiana Local Rule 65-1(b)(1), which requires such requests to be made by separate motion.

The remaining counts are Count 4 and Count 5. In Count 4, Caco alleges that Peoples Bank failed to properly respond to Caco's qualified written requests for information in violation of 12 U.S.C. § 2605(e). In Count 5, Caco alleges that Peoples Bank committed fraud by sending billing statements to Caco with an incorrect loan balance. Peoples Bank argues that these claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine prohibits federal district courts from reviewing state court civil judgments, including a prohibition on the Court hearing all claims that are inextricably intertwined with those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). "[T]he *Rooker-Feldman* doctrine establishes that district courts lack subject-matter jurisdiction to set aside judgments that state courts have entered in civil cases; the reason the plaintiff gives for seeking this relief is irrelevant." *Canen v. U.S. Bank Nat'l Ass'n*, 556 F. Appx. 490, 491 (7th Cir. 2014). Even a wrongly-decided state court decision is beyond the federal court's ability to modify or reverse. *Rooker*, 263 U.S. at 415-16.

"To determine whether *Rooker-Feldman* bars a claim, [the Court looks] beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Crawford v.*

2

*Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (quoting *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir.2008)). In Count 4, Caco alleges that he was harmed because he "made numerous mortgage payments to a fraudulent loan balance," "incurred court fees to enforce their legal rights," and "suffered the slander of their representation due to the fact than an illegitimate loan balance has been attributed to him." (Amd. Compl. ¶ 43, ECF No. 21). In Count 5, Caco alleges that he was "wrongfully assessed an improper balance, penalties, late charges, and other fees" as well as the same allegations of court fees and slander alleged in Count 4. *Id.* at ¶ 52.

The Judgment and Decree of Foreclosure issued by Judge Bruce Parent in Lake Superior Court in Case Number 45D04-1705-MF-101 on January 2, 2018 provides:

> As of September 27, 2017, there is due and owing from Thomas D. Caco to Peoples Bank the aggregate sum of $209,663.84, which debt stands as a valid and subsisting lien on the mortgaged property in the following amounts as set forth in the Affidavits of the Counter/Cross-Plaintiff:
>
> **Mortgage Loan:**
> Principal Balance on Note as of 9/27/17 ................................................. $201,208.65
> Accrued Interest to 09/27/17 (4.875% *per annum*/$27.25 *per diem*) .......... 7,247.70
> Late Charges ................................................................................................. 150.36
> Title Report/Expenses ................................................................................... 250.00
> Attorney Fees and expenses as of 09/27/17 .............................................. 1,807.13
>         (*see* Affidavit in Support of Attorney Fees)
> Suspense/Unapplied Funds ..................................................................... (1,000.00)
>
> **TOTAL** ................................................................................................... **$209,663.84**

*U.S. Bank Nat'l Ass'n v. Caco*, No. 45D04-1705-MF-101, ¶ 7 (Lake Super. Ct. Jan 2, 2018).

The amount of the loan balance and the accuracy of the balance of the mortgage as stated by Peoples Bank are matters governed by the state court judgment. Accordingly, Caco's claims cannot be heard in federal court due to lack of jurisdiction under the *Rooker-Feldman* doctrine.

Caco requests permission to amend his complaint. Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice so requires. However, in the two complaints filed so far, Caco has yet to present a claim that this Court can hear. Thus, if Caco

3

wishes to file an amended complaint, he must file a motion for leave to do so. The Court notes that repeated failure to cure deficiencies by amendments previously allowed is one of several reasons why leave to amend may be denied.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Dismiss and Deny Injunctive Relief [DE 22]. The Amended Complaint is **DISMISSED for lack of federal jurisdiction**.

Any motion for leave to file a second amended complaint must be filed **on or before April 19, 2021**.

SO ORDERED on March 22, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

cc:   Plaintiff Thomas Caco, *pro se*